UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-40421
Summary Calendar
_____


FREDA YOKUM MONROE,

                              Plaintiff-Appellant,

                    versus

BEAUMONT REGIONAL MEDICAL CENTER,

                              Defendant-Appellee.

_____

Appeal from the United States District Court for the
Eastern District of Texas
(1:95-CV-851)
_____

December 24, 1996
Before HIGGINBOTHAM, WIENER, and BENAVIDES, Circuit Judges.

BENAVIDES, Circuit Judge:[*]

     Freda Yokum Monroe ("Monroe") appeals from a summary judgment

granted in favor of Beaumont Regional Medical Center on her claims

under Title VII of the Civil Rights Act of 1964 as amended, 42

U.S.C. § 2000e *et seq.*

_____

[*]  Pursuant to Local Rule 47.5, the court has determined that this
opinion should not be published and is not precedent except under
the limited circumstances set forth in Local Rule 47.5.4.

We review the district court's grant of a summary judgment *de novo*, applying the same standard as the district court. *Hanks v. Transcontinental Gas Pipe Line Corp.*, 953 F.2d 996, 997 (5th Cir. 1992). Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). We have reviewed the briefs, the pleadings, and the summary judgment evidence and agree that no genuine issue of material fact precludes summary judgment. Accordingly, we affirm for essentially the reasons stated by the district court in its order.

Monroe also contends that the district court abused its discretion by failing to allow her additional time to conduct discovery before rendering summary judgment. We find this contention to be without merit. Rule 56(f) of the Federal Rules of Civil Procedure gives the district court discretion to allow additional time for discovery before the court rules on a pending motion for summary judgment. *See* FED. R. CIV. P. 56(f). We have held that to obtain a Rule 56(f) continuance, "a party must specifically explain both why it is currently unable to present evidence creating a genuine issue of material fact and how a continuance would enable the party to present such evidence." *Liquid Drill, Inc. v. U.S. Turnkey Exploration, Inc.*, 48 F.3d 927,

2

930 (5th Cir. 1995).  In her response to Beaumont Regional Medical Center's motion for summary judgment, Monroe reiterated her belief that she had been given insufficient time for discovery, but failed to point out what evidence she expected to garner from further discovery.  Similarly, Monroe on appeal makes no attempt to demonstrate that additional discovery would have allowed her to create a genuine issue of material fact.  *See Stults v. Conoco, Inc.*, 76 F.3d 651, 658 (5th Cir. 1996).  At the time Monroe filed her response to defendant's motion for summary judgment, the district court had already granted Monroe three extensions of time within which to respond.  The district court in this case acted well within its discretion by refusing to further postpone ruling on defendant's motion for summary judgment.

AFFIRMED.